IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **TONY ROBINSON** | **PETITIONER** |
| vs. | **CIVIL ACTION No.: 3:23-CV-489-HTW-LGI** |
| **WARDEN D. BAYSORE** | **RESPONDENT** |

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**

Petitioner Tony Robinson ("Robinson"), a prisoner in federal custody, pro se, petitions for writ of habeas corpus under 28 U.S.C. § 2241 of the United States Code. Before this Court are (1) a Report and Recommendation entered by Magistrate Judge LaKeysha Greer Isaac on July 26, 2024 ("the Petition R&R"), which recommends that this Petition be dismissed for want of jurisdiction, ECF No. 22; and (2) the Report and Recommendation entered by Magistrate Judge Isaac on August 30, 2024 ("the Summary Judgment R&R"), which recommends that Robinson's motion for summary judgment be denied, ECF No. 26. Robinson has objected to the Petition R&R, which objection is now ripe for review.[1] ECF No. 23.

---

[1] Magistrate Judge Isaac, in each R&R, warned that:

> [F]ailure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.

ECF No. 22 at 6 (citing 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)); ECF No. 26 at 2 (same).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In this Petition, Robinson challenges the Bureau of Prisons' ("BOP") calculation of his term of imprisonment based on his credits for time served in jail before beginning his sentence ("Prior Custody time"),[2] his credits earned for good conduct ("GCT credits"),[3] and his credits earned towards prerelease custody pursuant to the First Step Act ("FSA time credits").[4] ECF Nos. 1–3. Robinson initially contended that, if the BOP "applied" his Prior Custody time and GCT credits, his "accrued" FSA time credits "equal[ed] … the remainder of [his] term of imprisonment." ECF No. 2 at 4. Thus, Robinson argued he was "eligible for [a] 1-year halfway house" placement. ECF No. 1 at 6.

---

[2] When calculating a term of imprisonment:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

[3] "For inmates serving a sentence for offenses committed on or after November 1, 1987:"

> (1) The [BOP] will award inmates up to 54 days of GCT credit for each year of the sentence imposed by the court. Consistent with this methodology, the Bureau will initially determine a projected release date by calculating the maximum GCT credit possible based on the length of an inmate's imposed sentence. …

28 C.F.R. § 523.20(b)(1) (pursuant to 18 U.S.C. § 3624(b) ("Credit … for satisfactory behavior")).

[4] "[A]s authorized by 18 U.S.C. 3632(d)(4) and Section 101 of the First Step Act of 2018 (Pub. L. 115-391, December 21, 2018, 132 Stat. 5194) (FSA):"

> [A]n eligible inmate who successfully participates in Evidence-Based Recidivism Reduction (EBRR) Programs or Productive Activities (PAs) that are recommended based on the inmate's risk and needs assessment may earn FSA Time Credits to be applied toward prerelease custody [such as home confinement or halfway house placement] or early transfer to supervised release[.]

28 C.F.R. § 523.40 (pursuant to 18 U.S.C. 3624(g)).

Magistrate Judge Isaac opined that this Court lacks the authority to decide Robinson's claim, reasoning: (1) that "Robinson's claim is not cognizable under § 2241" because a "finding in Robinson's favor would effect a change in his confinement, i.e., from institutional custody to residential custody, not [the] duration [of his sentence]," ECF No. 22 at 3 (citing, e.g., *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)); and (2) that this Court is without "subject-matter jurisdiction over an assessment and classification process"—like the calculation of FSA time credits—"that Congress has entrusted to the authority of the BOP to design and implement," *id.* at 4 (citing 18 U.S.C. § 3632(a)).

Respondent Warden D. Baysore ("Baysore") also successfully argued that Robinson's record did not warrant prerelease custody.  ECF No. 15 at 4–5.  The BOP had not determined Robinson to be at a "minimum or low risk" to recidivate "pursuant to the last 2 [two] reassessments," nor otherwise approved his transfer, as required by 18 U.S.C. § 3624(g)(1)(D) and 28 C.F.R. § 523.44(c).  *Id.*  Magistrate Judge Isaac, in the Petition R&R, concurred, writing that, "[e]ven if the Court were to consider the merits of Robinson's claim, the uncontested evidence shows" him ineligible for "the relief he seeks."  ECF No. 22 at 2, 5.  Magistrate Judge Isaac, thus, recommended dismissal.  *Id.* at 5.

In his objection—which this Court will consider timely due to its pro se prisoner filer and its postmark of August 9, 2024—Robinson apparently "agree[s]" with Magistrate Judge Isaac's "fact finding on FSA credits and [r]ecidivism level[.]" ECF No. 23 at 1; *see also* ECF No. 25 at 2. This Court, therefore, adopts Magistrate Judge Isaac's findings and recommendations with respect to rejecting Robinson's claims regarding FSA time credits.

Robinson, however, contends that he also petitions for a "second ground which was not ruled on by the Court" which "affect[s] the duration of [Robinson's] confinement." *Id.* at 1.

Specifically, Robinson asks this Court to "order that any time owe[d] to [Robinson] be giv[en]," listing his "454 days of Prior Custody time" and stating he is "challenging the calculation of [GCT] credits [a]nd the [c]alculation of [c]redits." *Id.*

Baysore counterargues that "Robinson's petition … does not actually raise a claim that his good time credits were not properly applied." ECF No. 24 at 2. "While Robinson mentions 'good conduct time' and 'GCT' at various places in his petition," Baysore reasons, "he does not actually make any claims that Respondent violated his rights or improperly calculated or applied his good conduct time." *Id.* Because Robinson did not "state that he was not awarded GCT, nor … allege that BOP improperly took away his GCT," nor provide any "details as to how, why, or when [Baysore] failed to properly apply his GCT," Baysore argues that "Robinson has failed to properly state a claim" on the issue. *Id.* at 3. Baysore also provides evidence to demonstrate that Robinson "failed to administratively exhaust that claim," pointing out two requests for administrative remedy from 2014 and 2017 which, supposedly, did not exhaust the BOP's appeals process. *Id.*; ECF No. 24-1 at 3 (¶¶14–17), 9–17.

Robinson points out that, in one of his two petitioned "grounds," he requests application of "Prior Custody time of 454 days" and "[GCT credits of] 539 days." ECF No. 25 at 1; *see also* ECF No. 1 at 6–7. Robinson claims he exhausted his claim via a 2023 "Inmate Request to Staff" wherein he requested "to have [his] Prior Custody Time Credits and [his GCT credits] administered[.]" ECF No. 25-1 at 6. As "disposition," his case manager had noted that Robinson's "454 days of jail credit and 539 days of GCT [have] been applied to [his] sentence." *Id.*

Robinson nonetheless maintains that these credits "[have] not been factored into [his projected release] date." ECF No. 25-1 at 1 (¶5). He attaches an updated Sentence Monitoring Computation Data report, in which, he insists, the supposed error persists (albeit, with his earned

GCT credits since having increased from 539 to 606, and his projected GCT credits since having decreased):

```
--------------------------CURRENT COMPUTATION NO: 010 ---------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-24-2023 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 07-27-2011 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-06-2011
TOTAL TERM IN EFFECT............: 235 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:  19 YEARS      7 MONTHS
EARLIEST DATE OF OFFENSE........: 09-26-2009

JAIL CREDIT.....................:    FROM DATE       THRU DATE
                                     09-26-2009      09-29-2009
                                     04-12-2010      07-05-2011

TOTAL PRIOR CREDIT TIME.........: 454  ← not added
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 907  ← 54 days a year
TOTAL GCT EARNED................: 606  ← not added
STATUTORY RELEASE DATE PROJECTED: 05-16-2027 ←  54 days × 19 years 7 months
ELDERLY OFFENDER TWO THIRDS DATE: 04-30-2023
EXPIRATION FULL TERM DATE.......: 11-08-2029 ←
TIME SERVED.....................:  14 YEARS     1 MONTHS     17 DAYS
PERCENTAGE OF FULL TERM SERVED..:  72.1
PERCENT OF STATUTORY TERM SERVED:  82.6

PROJECTED SATISFACTION DATE.....: 05-16-2027
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 7-26-17 DIS/27 GCT C/OLB;
                04/21/20 FSA GCT UPDATE 4/STH. 08-24-23 DIS GCT C/GJD.
```

*Id.* at 3 (the handwritten annotations appear to be Robinson's). Robinson reasons that, because "the BOP awarded 54 days a year," "with the loss of some time credits," GCT credits "changed [his projected release] date from 11-08-2029 to 5-16-2027." *Id.* at 2 (¶8) (emphasis omitted). "By the GCT date being 5-16-2027, for release[,]" Robinson continues, "the prior credit time of 454 days (jail time) and 606 days as of now for GCT are not applied to [his] sentence." *Id.* at 2 (¶9). "Therefore," Robinson concludes, "if the Court[] look[s] at the calculation of the 54 days a year X the 19 years 7 months it[']s clear that 454 days Prior Custody time and 539 (606) days were not added to [the d]ate 5-16-2027." *Id.* at 2 (¶12).

After reviewing the record and conducting a de novo determination of the issues raised by Robinson's objection, this Court overrules said objection. Robinson has not, between his actual petition and his submissions along with his objection, stated a claim; he fails to highlight any error or omission in the BOP's credit calculation.

First, the application of credits apparently checks out. By consulting a date calculator tool, this Court informally double-checks the BOP's dates: The "date computation began" was July 6, 2011. ECF No. 25-1 at 3. Robinson was sentenced to "19 years [and] 7 months." *Id.* 19 years and 7 months after July 6, 2011 (including, as a day, July 6 itself) would be February 5, 2031. Subtracting 454 days for Prior Custody time yields November 8, 2029, indicating that Robinson's "expiration full term date" of "11-08-2029" already includes the reduction for "jail time." With 907 days between May 16, 2027, and November 8, 2029, Robinson's projected release date of "05-16-2027" already credits his "total GCT" credits, "*earned and* projected," of 907 days. Even upon liberal construction of his pleadings, Robinson seemingly asks that this Court compel the BOP to apply earned GCT credits and Prior Custody time which it has already applied, as his case manager previously indicated. ECF No. 25-1 at 6.

Second, Robinson does not appear to contest the calculation of either his earned or projected GCT credits, requesting only the quoted "539" (and, later, "606") days of earned credit. While he passively references multiplying 54 days by his total sentence, he acknowledges that this figure shrinks due to "the loss of some time credits." ECF No. 25-1 at 2 (¶8). Baysore, meanwhile, has submitted uncontroverted evidence that Robinson has lost GCT credits "as a sanction" on at least one occasion. ECF No. 24-1 at 3 (¶15); *see also* ECF No. 25-1 at 3 ("remarks"). Robinson has neither exhausted, nor detailed, any reason to challenge the BOP's GCT credit calculation.

In her honor's Summary Judgment R&R, Magistrate Judge Isaac incorporates the findings and reasoning from the Petition R&R to recommend that Robinson's motion for summary judgment be denied. ECF No. 26 at 1. No party objected (and the time to do so has passed), and, based on the reasoning above, Robinson's claims do not survive scrutiny. This Court, thus, also adopts the Summary Judgment R&R.

**IT IS ORDERED** that Magistrate Judge Isaac's Petition R&R (ECF No. 22) and Summary Judgment R&R (ECF No. 26) are hereby **ADOPTED**, Robinson's objection (ECF No. 23) is **OVERRULED**, and this Petition is **DISMISSED WITHOUT PREJUDICE**. This Court, separately, will enter a Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED this the   7th   day of        February        , 2025.**

        **/s/ HENRY T. WINGATE**
        **UNITED STATES DISTRICT COURT JUDGE**